The opinion of the court was delivered by
Fenner, J.
The petitioner invokes the exercise of our original *196 jurisdiction to restrain, by injunction, the execution of a judgment rendered by us in the exercise of the same jurisdiction, and to annul and set aside the same judgment on the ground that it was obtained through fraud and ill practice.
Although no express pleading was filed to that effect, our jurisdiction to entertain such a cause is questioned in the brief of defendant’s counsel, and as it is a matter of which we may and must take cognizance, however brought to our attention, we will first consider it. We are of opinion that when the Constitution conferred upon this court original jurisdiction to hear and decide causes involving the removal from office of inferior judges, it conferred, at the same time, all the powers necessarily or usually incident to such jurisdiction, including the powers to execute our decrees by the writs provided for that purpose, to control, regulate and restrain such execution in proper eases, and to annul our judgments in the cases and by the methods provided by law.
This principle is expressly declared by the Code of Practice, which announces: “All judges possess the powers necessary for the exercise of their respective jurisdictions, though the same be not expressly given by law.” Art. 130.
Neither the Constitution nor any particular law confers upon this court express authority to issue the writ of fi. fa.; yet we issued it when called on, because it was the mode provided by law for the execution of judgments by courts of original jurisdiction.
Por the same x’eason, though the law does not expressly authorize us to issue the writ of injunction, yet as it is the legal method of restraining execution by the courts which issued it, in proper cases, we granted our order for the writ.
So, as the law authorizes courts of original jurisdiction to revise and set aside their own definitive judgments in an action of nullity brought on proper grounds, we may entertain such an action to annul a judgment rendered by us in the exercise of original jurisdiction. O. P. 556, 604, et seq.
All these proceedings are germane and ancillavy to the case in which our original judgment was rendered, and to the original jurisdiction vested by the Constitution and exercised therein.
We, therefore, conclude that the general objection to our jurisdiction is not good.
The defendant has filed several exceptions to the action, founded *197 in law, which are the sole matters presently submitted for determination.
For the understanding and decision of the exceptions it will be necessary, first, to analyze and state the allegations of the petition.
Divested of unusual and unnecessary prolixity, these are substan- . tially as follows:
1. That at the trial in this court of the cause of State ex rel. Attorney General vs. Lazarus, defendant was appointed by order of the court to act as stenographer therein.
2. That in the decree rendered in said cause, petitioner was condemned to pay all costs.
3. That after rendition of said decree, defendant, in common with the sheriff and the clerk of court, voluntarily and expressly remitted and released petitioner from all liability for costs due to them respectively, which remission was accepted by petitioner.
4. That after said release, defendant, being advised that the State, as plaintiff in said cause, was primarily liable for costs, applied to petitioner to approve his bill of costs, which was done by petitioner’s counsel under his direction.
5. That in the month of May, 1888 (omitting reference to the first discontinued rule), defendant took a rule upon the State and upon petitioner to show cause why his bill, already approved by petitioner’s counsel, should not be taxed as costs in the sum of §3220, “and execution issued accordingly.”
6. That on receiving notice of said rule, petitioner called on defendant and asked him whether he meant, in violation of his release and remission, to obtain judgment against him, petitioner, for his bill; that defendant then disclaimed any such purpose; reasserted the remission; declared that the sole purpose of the rule was to have the amount of his bill taxed by the court as the basis for an application to the Legislature for relief and payment; further declared that plaintiff was made a party pro forma under the advice of counsel that he was a necessary party, and to avoid delays and postponement of trial, and requested him not to appear or make defence to the rule.
7. That acting upon defendant’s request, and relying on his statements, petitioner made no appearance or defence to the rule, and abstained from making defences, which, if interposed, would have defeated the same.
8. That after hearing, this court rendered its decree on said rule, *198 rejecting the demand against the State, and further decreeing: “ By reason of the default of respondent and the law and evidence being in favor of plaintiff in rule and against respondent, it is ordered and decreed that the amount of plaintiff’s demands be fixed at the sum of $3220.” (We amplify the allegations of the petition by quoting the language of our decree referred to, in order to avoid repetition.)
9. That after rendition of said decree, defendant, time and again, repeated the assurance that he had released petitioner from all liability for his said costs, and devoted himself to efforts to get a bill passed through the Legislature for his relief.
10. That petitioner trusted and confided in defendant’s statements; and, that defendant never made any demand on him for payment, or attempted, in any manner, to execute the decree until December 2, 1889, when the Ji. fa., now complained of, was issued.
11. That petitioner’s inactivity and failure to defend said rule were induced by the aforesaid fraudulent conduct and representations of defendant, and that, but for the same, he had and would have interposed valid defences thereto, such as:
1. The remission and release which defendant had made of his claim.
2. That the claim formed no part of the costs which, as defendant in the original cause, petitioner was condemned to pay, but arose out of a contract of employment (whatever this may mean), etc.
8. That even if the defendant’s claim could be taxed as costs, then petitioner could, in no event, be held liable for more than the costs of taking and writing out the testimony, and certainly not for costs of copies made for the use of members of the court and for opposing counsel, as well as for counsel of petitioner.
4. That the bill was excessive, so far as petitioner was concerned, because rendered while defendant was employed on regular salary by petitioner’s leading counsel, who allowed him to act as stenographer in said cause without suspending his salary, as an act of friendship to petitioner.
5. That he had other good and valid defences which he would have urged, etc.
W e will consider the exceptions interposed by defendant in the following order:
I.
Want of Proper Parties. — The only judgment sought to be annulled is the decree rendered on the rule to tax costs. The petitioners, on *199 whose relation the original suit was brought, were discharged from liability for costs under the plain terms of both the law and the judgment. They were not parties to the rule, and have no interest, direct or indirect, in the judgment therein.
So far as the State is concerned, an effort was made to make her a party to the rule, and a citation was served on the Attorney General, but we held that she was not and could not be made a party, never having given her consent thereto, and that no judgment could be rendered against her. The attempt to make her a party to this suit would be equally vain, and it is manifest that she has not the slightest interest in the judgment attacked.
This exception has no merit.
II.
Prescription of One Year. — Art. 613, G. P., declares: “When a judgment has been obtained through fraud on the part of the plain-' tiff' -- * * the action for annulling such judgment must be brought within one year after the fraud has been discovered. * * ’ ’ In this ease, under the averments of the petition, the fraudulent character and purpose of the representations of defendant, upon the faith of which petitioner permitted a judgment on the rule to go without appearance or defence, were not made apparent nor discovered by him until, in violation of those statements and representations, defendant sought to execute the judgment. Up to that moment, if the allegations be true, petitioner regarded, and had the right to regard, the judgment as being, what upon its face it purports to be, a simple fixing of the total value of plaintiff’s services as a basis f<Jr asking relief from the State, but, under defendant’s representations and agreements, inoperative against petitioner. It was only when defendant issued the fi. fa. that petitioner discovered that the representations which he had believed to be true were false and fraudulent. Whether fraud of this kind be a ground for annulling the judgment will be discussed later, but, if it be, the plea of pre-’ scription is certainly untenable.
III.
Res Judicata. — It is well settled that the judgment sought to be Annulled can not be pleaded as res judicata to the action of nullity. Edwards vs. Edwards, 29 An. 599; Anderson vs. Benham, 40 An. 338.
It is said, however, that the res judicata is not pleaded as against *200 the defences which petitioner might have pleaded in that action. But the action is based on the ground that petitioner was prevented from making those defences by the fraud of defendant. The rule that the judgment silences all defences which might have been urged against its rendition, can not apply to such a'case.
IV.
No Cause of Action. — It is claimed in a separate exception that the petition amounts to nothing more than a motion for a new trial made out of time. The two exceptions involve-the same principle and ■ may be considered together.
It is very clear that this is not a motion for a new trial, but an action of nullity both in form and substance. Although the petition might set forth grounds amply sufficient for a new trial if the motion had been made in time, that would not suffice to maintain the action of nullity, and we must determine whether the petition sets forth sufficient grounds to sustain the latter action, which is all that defendant can require under either exception. •
Art. 607, C. P., provides: “A definitive judgment maybe annulled in all cases where it appears that it has been obtained through fraud or other ill practices on the part of the party in whose favor it was rendered, as if he had obtained the same by-bribing the judge or the witnesses, or by producing forged documents, or by denying having received the payment of the sum, the receipt of which the defendant had lost or could not find at the time, but has found since the rendering of the judgment.”
If the “fraud and ill practices” referred to in the first clattse were confined to acts of the kind and character mentioned in the subsequent illustrations, certainly none such are set forth in plaintiff’s petition, and the exception of no cause of action would be well taken. But this court has repeatedly given a broader interpretation to the article. In an early case the court held that the examples given were not limitative, and that after a judgment had been obtained by which a party will Sustain real injury and which can not be remedied by appeal, he may obtain relief by action of nullity.
“Where the case presents facts on which, in the other States of this Union, a court of equity would interfere.” Chinn vs. Murry, 1, Rob. 523.
The same interpretation has been frequently reaffirmed. Norris *201 vs. Fristoe, 3 An. 646; Swain vs. Sampson, 6 An. 799; Perry vs. Rue, 31 An. 287.
These authorities emancipate the terms “fraud and ill practices” from control by the illustrative examples given, and vest the courts with wide discretion to determine what kinds and degrees of “fraud and ill practices ” should vitiate a judgment, and they open to us the books of equity jurisprudence in other States as aids and guides in deciding such questions. It would be unfortunate if it were otherwise. Fraud vitiates everything, and whatever Protean shape it may assume, justice should be left free to meet and thwart it.
We think the allegations of plaintiff’s petition make out a case clearly within the recognized principles upon which equity will annul judgments at law. The authorities on the subject are very numerous.
While it is undoubtedly the general rule that parties will not be allowed to attack a judgment in order to let in defences which were known and open to him at the trial, yet, in the language of the United States Supreme Court “there is an almitted exception to this general rule in cases where, by reason of something done by the successful party to a suit, there was in fact no adversary, trial or decision of the issue in the case; where the unsuccessful party has been prevented from exhibiting fully his case by fraud or deception practised on him by his opponent.” U. S. vs. Throckmorton, 98 U. S.; Ins. Co. vs. Hodgson, 7 Cr. 335.
Mr. High, in his work on injunctions, lays down the doctrine in terms fully applicable to this' case:
“ Fraudulent conduct and deceitful representations upon the part of plaintiff in an action at law, by means of which defendant, having a meritorious defence, is prevented from interposing it, afford frequent ground for application for the aid of an injunction to restrain the enforcement of judgment thus fraudulently obtained. The general rule upon this subject is well defined and clearly established, both upon principle and authority, and whenever, by reason of plaintiff’s fraudulent conduct or representations to defendant concerning the nature and objects of the action or the purpose of the judgment, or the prosecution of the cause, defendant in the action having a good defence upon the merits is lulled into security, so that he fails to interpose his defence, he is entitled to the aid of equity to prevent the plaintiff from reaping the benefit of a judgment thus fraudulently obtained; the relief is allowed in such case upon the. *202 .ground that when, by mistake or fraud, one has gained an unfair advantage in proceedings at law, which will operate to make the court of law an instrument of injustice, equity will interfere to prevent him from reaping the benefit of the advantage thus improperly gained.” High on Injunctions, Secs. 199, 202-3, 252¿ Freeman on Judgments, Secs. 492, 489; Kerr on Fraud, p. 352; Wells’ Res Adjudicata, Secs. 499, 495.
The Connecticut Supreme Oourt says: “ It is well settled that this jurisdiction will be exercised whenever a party having a good defence to an action at law has had no opportunity to make it, or has been prevented from making it by the fraud or improper management of the other party, and by reason thereof a judgment has been obtained which it is against conscience to enforce.” Pierce vs. Olney, 20 Conn. 554.
The principle is extended to cases where the party’s failing to defend was induced by his reliance on promises and agreements of his adversary, the oourt saying: “ If the complainant was too confiding, it is not for the party who has betrayed that confidence to reproach him with it or take advantage of it.” Weirich vs. DeZoga, 2 Gil. (Ill.) 388.
The case is not different if the agreement or promise, which in duced the defendant to abstain from defence, affected only the effect or execution to be given to the judgment. The Supreme Court of Maryland held that a violation of such an agreement, by giving the judgment a. different effect or execution, would justify relief. Kent vs. Ricards, 3d Md. Chy. 396.
Applying these principles to the case presented by the plaintiff’s petition, taken as true, we find that it possesses the following ingredients :
1. That it is a judgment which it is against good conscience to execute.
2. That the party had good defences to the judgment.
3. That he was induced to abstain from presenting those defences by the acts and promises of his adversary.
4. That by reason of his confidence in those representations and promises, the judgment was obtained without any real adversary, trial or decision of the issues.
5. That the party has been guilty of no laches except in relying on the assurances and promises of his adversary, and that the latter *203 can not impute such confidence as laches, or take advantage of it.
For these reasons we think the exception can not be maintained.
Y.
Finally the defendant excepts that, even if the cause of action were .otherwise sufficient, plaintiff’s petition sets forth, as a ground for relief, an unlawful agreement. between plaintiff and defendant to have the State mulcted for costs for which it was not legally liable, and which was contra bonos mores. We can discover no such agreement propounded, directly or indirectly, in the petition. It is true plaintiff was informed that the object of the rule was to have the amount of his bill taxed by the court as a basis for an application to the Legislature for relief and payment. Was there anything wrong or unlawful in such a proceeding? We ourselves said in our opinion: “We are far from holding that the State is not, in law and justice, bound to pay plaintiff for his valuable services and necessary labor, done in a litigation provoked and carried on in the State’s own interest, and by constitutional direction, in ease his primary recourse against the defendant shall prove unavailing. On the contrary, we consider it her unquestionable duty to provide such payment.”
And what safer, juster or fairer basis for such relief could be laid than in a taxing of the value of the services by this court contradictorily with the Attorney General of the State? We can discover nothing illegal or immoral in such a purpose or in the methods of prosecuting it. But it is said that plaintiif combined with the defendant to procure from the court a taxing of plaintiff, the latter’s bill at the full amount claimed, by approving same, and thus to furnish a basis for a claim against the State, which he now declares to be excessive.
We do not find in the petition any allegation that the bill of ■defendant for the total value of his services is excessive. The plaintiff simply declares that it was excessive as a legal claim against Mm, because he shows that a large portion thereof was for services in furnishing copies of the testimony daily to each member of this court and to counsel on both sides, for which work he could not be held, though it might form an equitable charge against the State as done to advance the convenience of her officers.
Moreover, it does not appear on the petition that the approval of defendant’s bill by plaintiff had any connection with, or was any *204 part of the consideration of, the understandings between the parties. The remission alleged occurred long before tlie bill was approved, and was itself a sufficient and complete defence, if proved.
If plaintiff lent his sanction to a bill excessive even as against the State, no ill motive can be inferred, since the bill was also approved by the distinguished counsel for the petitioners.
Finally, considering that, in the present attitude of the case, the allegations of the petition stand as admitted to be true for the purposes of the exception, we doubt whether it lies in defendant’s month to urge sdch an objection, even if it were founded. He is himself invoking the process of this court to aid him in enforcing a judgment which, under the suggestion of this exception, must be treated as having been obtained by fraud and for an immoral and unlawful purpose, to which be was himself a party. Thus where a party sues to enforce an illegal or immoral contract, the rule, nemo allegan s suam turpitudinem audiendus est, finds a well recognized exception and the party sued is permitted to set up the unlawful or immoral consideration, even though a party to it, in order to save the court from the necessity of enforcing such a tainted contract. Hertz vs. Hilder, 10 An. 199: Gil vs. Williams, 12 An. 219.
We see no reason why the same principle should not apply here.
We deem it proper to observe, in conclusion, that the several exceptions have been decided, as they were submitted, on the face of the papers. As some of them involve matters in pais, on which the evidence may contradict the judicial allegations, our decision is with - out prejudice to the right of defendant to renew such defences on the merits.
It is therefore adjudged and decreed that the exceptions be over.ruled at defendant’s cost.